Filed 2/25/26  P. v. Eastus CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DUSTIN IRA EASTUS,<br><br>    Defendant and Appellant. | C102974<br><br>(Super. Ct. No. 24CR0731) |

In September 2023, defendant Dustin Ira Eastus robbed a 14-year-old at gunpoint, taking the teenager's bicycle worth approximately $1,000.  A jury convicted defendant of second degree robbery (Pen Code, § 211) and found true an aggravating circumstance that he used a weapon (Cal. Rules of Court, rule 4.421(a)(2)).[1]  Following defendant's agreement to a court trial on certain bifurcated matters, the trial court found true allegations that defendant had a prior strike conviction (§ 667, subds. (b)-(i)) and a prior serious felony conviction (§ 667, subd. (a)), and it also found true four additional aggravating circumstances:  that defendant's prior convictions were numerous and

---

[1]  Undesignated statutory references are to the Penal Code, and undesignated rule references are to the California Rules of Court.

increasing in seriousness (rule 4.421(b)(2)), defendant served two prior prison terms (rule 4.421(b)(3)), the offense was committed when defendant was on probation or parole (rule 4.421(b)(4)), and defendant's performance on probation or parole was poor (rule 4.421(b)(5)).

The trial court sentenced defendant to an aggregate 15 years in prison, consisting of 10 years for the robbery (the upper term of five years doubled for the prior strike) and a consecutive five years for the prior serious felony enhancement. Defendant did not ask the trial court to consider striking the prior serious felony enhancement.

Defendant now contends the trial court abused its discretion in (1) sentencing him to the upper term, and (2) failing to strike the prior serious felony enhancement. Finding no abuse of discretion, and finding that defendant's challenge to the enhancement is forfeited, we will affirm the judgment.

## ADDITIONAL BACKGROUND

The probation report indicated that defendant had been diagnosed with Attention Deficit Hyperactivity Disorder, depression, Tourette's syndrome, and anxiety; that he began smoking marijuana with his mother during his youth; and that he used marijuana and methamphetamine daily. Records indicated defendant had experienced childhood abuse and neglect. According to the probation report, defendant committed numerous juvenile offenses and was adjudged a ward of the court in 2007. His wardship ended two days after his 18th birthday, and defendant entered the adult criminal justice system approximately six months later. A static risk assessment placed him at a high risk to reoffend. Defendant was concerned about what would happen to his brother if his mother passed away while defendant was incarcerated.

The probation report listed the circumstances in aggravation found true by the jury and the trial court. As circumstances in mitigation, the probation report identified the following: that defendant said he had believed the bicycle was his (rule 4.423(a)(7)); that

2

multiple enhancements had been alleged in the case (rule 4.423(b)(11)); and that defendant's prior conviction for robbery was more than five years old (rule 4.423(b)(13)).

At the sentencing hearing on December 20, 2024, defendant requested the low term. The trial court said the probation report was incorrect in stating that there were multiple enhancement allegations in the case, and it found not credible defendant's statement that he believed the bicycle was his. The trial court found only one mitigating circumstance, that the conviction underlying the enhancement was more than five years old.

## STANDARD OF REVIEW

We review discretionary sentencing decisions for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) In so doing, we presume the trial court was aware of, and followed, applicable law (*People v. Stowell* (2003) 31 Cal.4th 1107, 1114), that it "considered all of the relevant factors" (*People v. Myers* (1999) 69 Cal.App.4th 305, 310), and that it acted to achieve legitimate sentencing objectives (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377 (*Carmony*)). " ' "[T]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court['s] . . . discretionary determination to impose a particular sentence will not be set aside on review." ' " (*Ibid*.) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id*. at p. 377.)

## DISCUSSION

### I

Defendant contends the trial court abused its discretion in sentencing him to the upper term.

Section 1170, subdivision (b) provides in pertinent part that the trial "court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding

3

the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).)

Here, the jury found true one aggravating circumstance allegation, and following defendant's agreement to a court trial on the additional aggravating circumstance allegations, the trial court found true those additional allegations. A single aggravating circumstance may justify imposition of an upper term sentence. (*People v. Lynch* (2024) 16 Cal.5th 730, 764.) Defendant has not demonstrated that there was anything irrational or arbitrary about the trial court's weighing of the aggravating and mitigating circumstances, or about the trial court's conclusion that an upper term sentence was appropriate. (*Carmony, supra*, 33 Cal.4th at pp. 376-377.) Defendant's disagreement with the trial court's assessment and conclusion is not enough to justify reversal. (*Id*. at p. 377.) There was no abuse of discretion.

II

Defendant further contends the trial court abused its discretion in failing to strike the prior serious felony enhancement. Specifically, defendant argues the record established two mitigating circumstances under section 1385, subdivision (c)(2) warranting dismissal of the enhancement. The People counter that defendant failed to preserve the contention by not requesting such relief in the trial court. We agree with the People.

It is well-established that complaints about the manner in which the trial court exercises its sentencing discretion, and the way in which it articulates its supporting reasons, cannot be raised for the first time on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 356; accord *People v. Wall* (2017) 3 Cal.5th 1048, 1075.) Defendant did not ask the trial court to consider striking the prior serious felony enhancement. Although defendant asserts in his reply brief that the request was discussed by the parties below, we have found no support for that assertion in the record. It is true that the probation report and

4

the trial court both concluded it was a mitigating circumstance that defendant's prior serious felony conviction was more than five years old.  But defendant never asked the trial court to use that circumstance, or any other circumstance in mitigation under section 1385, to strike defendant's prior serious felony enhancement.  Accordingly, he forfeited this contention.  (*Scott,* at p. 356; *Wall,* at p. 1075.)

DISPOSITION

The judgment is affirmed.


_____/S/_____
MAURO, J.


We concur:


_____/S/_____
ROBIE, Acting P. J.


_____/S/_____
WISEMAN, J.*

_____

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.